**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ALMA CANTU and DARLENE REED, individually and on behalf of other employees similarly situated, | § § § § | |
| Plaintiffs | § § | |
| VS. | § § | CIVIL ACTION NO. H-09-0576 |
| VITOL, INC., | § § § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

In this suit under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, Alma Cantu and Darlene Reed allege that their employer, Vitol, Inc., failed to pay them and other similarly situated employees overtime when they worked more than forty hours in a work week. Cantu and Reed moved under 29 U.S.C. § 216(b) for conditional certification as a collective action and issuance of notice. The potential class is defined as "all non-managerial employees in [Vitol's] Contract Administration Department during the period from February 25, 2009 through the present." (Docket Entry No. 16 at 1).[1] Vitol opposed the motion on the grounds that there are at most ten potential members of this class (including Cantu and Reed), making it too small to warrant

---

[1] This definition is in the motion for conditional certification. The plaintiffs gave a different class definition in their amended complaint:

> All current and former U.S. based employees of Vitol, Inc. (1) who worked in the "Contract Administration" Department, (2) whose primary duties were editing and proofreading form contracts to match the specifications given by energy traders and brokers, and (3) who claim they were not paid for overtime hours and seek payment for such hours.

(Docket Entry No. 10 at 3).

certification as a collective action, and that Cantu and Reed failed to show that other putative plaintiffs are interested in joining the suit. (Docket Entry Nos. 18, 24). Vitol pointed to the absence of affidavits from other putative plaintiffs showing an interest in joining this action. (Docket Entry No. 18). Vitol did not dispute, for the purposes of this motion, that the plaintiffs and the putative class members are similarly situated. (*Id.* at 2 n.1).

In response, Cantu and Reed submitted an affidavit from Terry Brinkley, a former Vitol employee. (Docket Entry No. 19, Ex. 1). Cantu and Reed also argued that despite the small number of putative class members, collective action treatment is justified by the advantages of court-issued notice under the FLSA.

Based on a careful review of the pleadings, the motion, the response, the reply, and the supplemental briefing; the present record, and the applicable law, this court grants the motion for issuance of notice and conditional certification. The plaintiffs have submitted a proposed form of notice. (Docket Entry No. 16, Ex. D). By **December 31, 2009**, the parties are ordered to confer about the form of notice and notify the court of any disputes. Notice must be issued to all potential class members by **January 15, 2010.** A scheduling conference is set for **January 22, 2010 at 9:00 a.m.** in Courtroom 11-B.

The reasons for this ruling are explained below.[2]

**I.      Background**

---

[2] The plaintiffs have also moved to strike three of Vitol's affirmative defenses. (Docket Entry No. 14). Vitol has responded. (Docket Entry No. 17). The motion is denied. Motions to strike affirmative defenses are viewed with disfavor and are rarely granted. 5C CHARLES ALAN WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1380 (3d. ed.). Vitol's pleadings are sufficient to provide the plaintiffs with notice of the affirmative defenses and the grounds upon which they rest. *Home Ins. Co. v. Matthews*, 998 F.2d 305, 309 (5th Cir. 1993) ("A defendant provides fair notice of the defense if it 'sufficiently articulate[s] the defense so that the plaintiff [is] not a victim of unfair surprise.'").

Vitol is an energy trading company with an office in Houston, Texas. (Docket Entry No. 1 at 4). Cantu and Reed worked in Houston in the Contract Administration Department. Cantu began in September 2008 and Reed in July 2008. (*Id.*). Their job was to receive "deal sheets" describing the terms of a purchase or sale negotiated by energy traders at Vitol, find the appropriate contract template for the deal sheet, and "adjust the names, prices, and delivery dates according to the terms of the deal sheet." (*Id.*). As contract administrators, Cantu and Reed did not negotiate the terms of any contract or deviate from the deal sheets. Their primary responsibility was to edit and proofread contracts written by others. (Docket Entry No. 1 at 5).

Cantu and Reed allege that they routinely worked more than forty hours per week for Vitol but were not paid at overtime rates. Cantu and Reed allege that "[o]ther employees have been victimized by this pattern, practice and policy of [Vitol] that is in violation of the FLSA." (*Id.* at 6). Cantu and Reed also allege that they and other similarly situated clerical staff have had "less than their full work hours recorded" by Vitol. (*Id.*). Cantu and Reed seek to represent a class of "all current and former U.S. based employees of Vitol, Inc. (1) who worked in the 'Contract Administration' Department, (2) whose primary duties were editing and proofreading form contracts to match the specifications given by energy traders and brokers, and (3) who claim they were not paid for overtime hours and seek payment for such hours." (Docket Entry No. 10 at 3). The plaintiffs seek "an amount of back pay equal to the overtime compensation which has been unlawfully withheld in a period beginning three years prior to the filing of this lawsuit and continuing until the date of trial." (Docket Entry No. 1 at 7).

Cantu and Reed also allege Vitol retaliated against them after they complained about the FLSA violations. (Docket Entry No. 10 at 8). Cantu complained about the lack of overtime pay

3

in e-mails written between February 13 and February 19, 2009.  (*Id*.).  This suit was filed on February 25, 2009.  (*Id*.).  Vitol fired Cantu on February 27 and Reed on March 8.  Cantu and Reed allege that they were fired in retaliation for the prior complaints and lawsuit.  They seek damages and reinstatement.  (Docket Entry No. 10 at 9).

Cantu and Reed moved for conditional certification and issuance of notice to "all non-managerial employees in [Vitol's] Contract Administration Department during the period from February 29, 2009 through the present."  (Docket Entry No. 16 at 1).  These employees were paid salaries that did not include overtime.  (*Id*. at 3).  It is undisputed that there are eight potential members of such a class.  In response, Vitol argues that Cantu and Reed have failed to "provide a minimal showing" that any of the other members of the putative class want to join this lawsuit, a requirement for initial certification of a FLSA collective action.  (Docket Entry No. 18 at 2).  Cantu and Reed argue in their reply that evidence that other employees want to join is not required at the first stage of certification, and alternatively that they have met the requirement by submitting Terry Brinkley's affidavit.  (Docket Entry No. 19).  Terry Brinkley worked in the Contract Administration Department of Vitol and performed duties "that were substantially identical to the duties" of the plaintiffs.  (*Id*.).  In her affidavit, Brinkley stated that she worked more than forty hours a week, as did two coworkers, Elisa Troller and Sherri Barber.  (Docket Entry No. 19-1 at 2).  Brinkley attached to her affidavit an email sent to her, Troller, and Barber by their supervisor, Dedreah Hicks-Edwards.  (Docket Entry No. 19-1).  The e-mail stated: "I need everyone's undivided attention to get their jobs done – and done correctly and timely, working late nights and weekends to accomplish this, if necessary.  This is not a suggestion this is YOUR JOB."  (*Id*.).  Cantu and Reed argue that

by providing her affidavit, Brinkley has expressed interest in participating in this suit. (Docket Entry No. 19 at 7).

## II.     The Applicable Legal Standards

Section 207(a) of the FLSA requires covered employers to compensate nonexempt employees at overtime rates for time worked in excess of forty hours in a work week. 29 U.S.C. § 207(a).[3] Section 216(b) creates a cause of action for employees against employers violating the overtime compensation requirements. 29 U.S.C. § 216(b). Section 216(b) establishes an opt-in scheme under which plaintiffs must affirmatively notify the court of their intention to become parties to the suit. *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90, 123 S. Ct. 2148 (2003). District courts

---

[3]    Section 207(a) of the FLSA states:
> (a) Employees engaged in interstate commerce; additional applicability to
> employees pursuant to subsequent amendatory provisions
>> (1) Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.
>> (2) No employer shall employ any of his employees who in any workweek is engaged in any commerce or in the production of goods for commerce,  o r  i s employed in an enterprise engaged in commerce or the production of goods for commerce, and who in such a workweek is brought within the purview of this subsection by the amendments made to this chapter by the Fair Labor Standards Amendments of 1966–
>>> (A) for a workweek longer than forty-four hours during the first year from the effective date of the Fair Labor Standards Amendments of 1966,
>>> (B) for a workweek longer than forty-two hours during the second year from such date, or
>>> (C) for a workweek longer than forty hours after the expiration of the second year from such date, unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

have discretion in deciding whether to order notice to potential plaintiffs. *See Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170-71, 110 S. Ct. 482, (1989); *Villatoro v. Kim Son Rest., L.P.*, 286 F.Supp. 2d 807, 809 (S.D. Tex. 2003).

Courts recognize two methods to determine whether to authorize notice to similarly situated employees advising them of their right to join an FLSA collective action. These methods are the two-step approach in *Lusardi*, which imposes different and less stringent requirements than a Rule 23 class action, and the *Shushan* approach, which imposes the requirements of a Rule 23 class action. *See Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987); *Shushan v. Univ. of Colo. at Boulder*, 132 F.R.D. 263 (D. Colo. 1990). In *Mooney*, 54 F.3d. at 1216, the Fifth Circuit found it unnecessary to determine which method is most appropriate. Since *Mooney*, however, the Fifth Circuit has acknowledged the inapplicability of Rule 23 to a § 216(b) action in at least one context, holding that the interlocutory appeal provisions of Rule 23(f) do not apply in a § 216(b) action because a "216(b) FLSA action is not a Rule 23 class action." *Baldridge v. SBC Commc'ns, Inc.*, 404 F.3d 930, 932 (5th Cir. 2005).

Most courts use the "two-step ad hoc approach" in *Lusardi* as the preferred method for the similarly-situated analysis rather than Rule 23 requirements. *See Yaklin v. W-H Energy Servs., Inc.*, No. C-07-422, 2008 WL 1989795, at *1 (S.D. Tex. May 2, 2008) ("The prevailing analysis used by federal courts . . . is the two-stage test set forth in *Lusardi*."); *Treme v. HKA Enters., Inc.*, No. 07-1134, 2008 WL 941777, at *2 (W.D. La. Apr. 7, 2008) ("[A] review of the district court cases considering certification of an FLSA collective action reveals that a majority of courts in this circuit have favored the two-stage *Lusardi* approach.") (collecting cases); *Villatoro*, 286 F. Supp. 2d at 810; *see also Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 n. 12 (11th Cir. 1996) ("[T]he requirements

for pursuing a § 216(b) class action are independent of, and unrelated to, the requirements for class action under Rule 23.").

The first stage of the *Lusardi* analysis is the "notice stage" in which the district court decides whether to issue notice to potential class members. *Mooney*, 54 F.3d at 1213-14. "*Lusardi* and its progeny are remarkable in that they do not set out a definition of 'similarly situated,' but rather they define the requirement by virtue of the factors considered in the [two-stage] analysis." *Id.* at 1213. The court's decision in this first stage is often based only on the pleadings and affidavits that have been submitted. *Id.* at 1213-14. "Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class" that provides potential class members with notice and the opportunity to opt-in. *Id.* at 1214. Although lenient, this standard requires a factual basis for allegations that potential members "were together the victims of a single decision, policy, or plan . . . ." *Id.* at 1214 n. 8 (quoting *Sperling v. Hoffman-La Roche, Inc.*, 118 F.R.D. 392, 407 (D. N.J. 1988)); *see also Hall v. Burk*, No. 3:01-2487, 2002 WL 413901, at *3 (N.D. Tex. Mar. 11, 2002) ("Unsupported assertions of widespread violations are not sufficient to meet Plaintiff's burden.") (citing *Haynes v. Singer Co.*, 696 F.2d 884, 887 (11th Cir. 1983)). At this first stage, there must be a showing of "some identifiable facts or legal nexus [that] bind the claims so that hearing the cases together promotes judicial efficiency." *Barron v. Henry County Sch. Sys.*, 242 F. Supp. 2d 1096, 1103 (M.D. Ala. 2003) (citing *Sheffield v. Orius Corp.*, 211 F.R.D. 411, 416 (D. Or. 2002)); *see also Villatoro*, 286 F. Supp. 2d at 810 ("Notice is appropriate when there is 'a demonstrated similarity among the individual situations . . . some factual nexus which binds the named plaintiffs and the potential class members together as victims of an alleged policy or practice.'" (quoting *Crain v. Helmerich &*

*Payne Int'l Drilling Co.*, 1992 WL 91946, at *2 (E.D. La. Apr. 16, 1992)) (alteration removed)). "A court may deny plaintiffs' right to proceed collectively if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice." *England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504, 507 (M.D. La. 2005); *see also Barron*, 242 F. Supp. 2d at 1104 ("[T]he mere fact that violations occurred cannot be enough to establish similarity, as that would not ultimately be sufficient to establish a pattern and practice without a showing that the violations were more than sporadic occurrences.").

If a court conditionally certifies a class, the action proceeds as a collective action during discovery. *See Mooney*, 54 F.3d at 1214. Notice does not issue unless the court conditionally certifies the case as a collective action. *See Jones v. Casey's General Stores*, 517 F. Supp. 2d 1080, 1086 (S.D. Iowa 2007) ("Formal notice to putative collective members in an FLSA action is provided after conditional certification has been approved by the court."); *Dominquez v. Minn. Beef Indus., Inc.*, No. 06-1002, 2007 WL 2422837, at *2 (D. Minn. Aug. 21, 2007) ("If the district court 'conditionally certifies' the class, putative class members are given notice and the opportunity to 'opt-in.'") (quoting *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001)).

The second stage typically occurs when discovery is largely complete and the defendant moves to "decertify" the conditionally certified class. *See Mooney*, 54 F.3d at 1214; *Lusardi*, 118 F.R.D. at 359. At that point, the court makes a factual determination as to whether there are similarly situated employees. *Id.* If the district court finds that the claimants are similarly situated, the collective action may proceed. *See Mooney*, 54 F.3d at 1214; *Villatoro*, 286 F. Supp. 2d at 810. If the court decertifies the class, the opt-in plaintiffs are dismissed without prejudice and the original plaintiffs proceed on their individual claims. *England*, 370 F. Supp. 2d at 508.

**III.    Analysis**

This case is at the "notice stage" of the *Lusardi* analysis. Because the parties have presented minimal evidence, limited to affidavits, the decision whether to issue notice to potential class members is "made using a fairly lenient standard." *Mooney*, F.3d at 1214. At this stage, a plaintiff must make a minimal showing that: (1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit. *See Prater v. Commerce Equities Mgmt. Co.*, No. H-07-2349, 2007 WL 4146714, at *4 (S.D. Tex. Nov 19, 2007) (citing cases); *Simmons v. T-Mobile USA, Inc.*, No. H-06-1820, 2007 WL 210008, at *5 (S.D. Tex. Jan 24, 2007).

Vitol does not dispute the first two elements of this first-stage analysis. Vitol challenges only the third element, that these individuals want to opt in to the lawsuit. Vitol also argues that the potential class is simply too small — at most ten individuals, including Cantu and Reed, present and former employees, (Docket Entry No. 24 at 2), — to warrant collective action treatment.

Most courts require some factual support for the complaint allegations – including the allegation that putative class members are interested in joining the class – to support notice. *Prater*, 2007 U.S. Dist. LEXIS 85338 at *13; *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 266 (D. Minn. 1991) (allegations of plaintiff alone is insufficient); *Felix de Asencio v. Tyson Foods Co.*, 130 F. Supp. 2d 660, 663 (E.D. Pa. 2001) (pleadings and four declarations from putative class members sufficient). The record, including Brinkley's affidavit, (Docket Entry No. 19, Ex. F), shows sufficient indication of interest by putative plaintiffs to warrant certification.

A collective action under the FLSA does not have the numerosity requirement that is in Federal Rule of Civil Procedure 23(a). *See Mooney*, 54 F.3d 1207; *LaChappelle v. Owens-Ill. Inc.*, 513 F.2d 286 (5th Cir. 1976). Some courts have stated that very small classes do not warrant collective action treatment. *See, e.g., Kessler v. Lifesafer Service Providers, LLC*, 2007 WL 1531395 (M.D. Fla. at *2) ("A potential class of ten employees simply is not large enough to justify class treatment."). But in an FLSA § 216(b) collective action, "the requirements of Rule 23 do not apply and no showing of numerosity, commonality, typicality and adequacy of representation need be made." *Vengurlekar v. Silverline Tech., Ltd.,* 220 F.R.D. 222, 229 (S.D.N.Y. 2003); *see also Thiebes v. Wal-Mart Stores, Inc.,* No. 98-802, 1999 WL 1081357, at *2 (D. Ore. Dec.1, 1999) ("The procedural protections of [Rule] 23 are generally not necessary for a § 216(b) class action because of that statute's opt-in requirement."); *Foster v. Food Emporium,* No. 99-cv-3860, 2000 WL 1737858, at * 1 (S.D.N.Y. April 26, 2000) ("The strict requirements of Rule 23 of the Fed.R.Civ.P. do not apply to FLSA 'collective actions,' and thus no showing of numerosity, typicality, commonality and representativeness need be made.").

Because numerosity is not a requirement for a collective action under the FLSA, the fact that the class in this case is so small does not defeat conditional certification. *See Roberson v. Danny Ontiveros Trucking,* No. 08-0552, 2008 WL 4809960, at *4-5 (E.D. Cal. Nov.3, 2008) (sustaining collective action cause of action for class that potentially involved twelve plaintiffs, finding that "[t]he FLSA ... does not impose a numerosity requirement"); *Prater,* 2007 WL 4146714, at *8 (granting conditional certification in § 216(b) action that "potentially involve[d] up to twenty plaintiffs"); *Aguayo v. Oldenkamp Trucking,* No. Civ. 04-6279, 2005 WL 2436477, at * 12 (certifying class that potentially involved 34 plaintiffs, stating that "[n]umerosity is not a

requirement for certification of the collective action under the FLSA."); *Bishop v. Heartland Services, Inc.*, 242 F.R.D. 612 (D. Kan. 2007) (granting conditional certification of class with approximately 21 people at most over argument that this was too small to justify issuing notice). Conditional certification and issuance of notice is appropriate in this case.

**IV.    Conclusion**

The plaintiffs' motion for conditional certification and issuance of notice is granted. The plaintiffs have already submitted a proposed notice, (Docket Entry No. 16, Ex. D). By **December 31, 2009**, the parties are ordered to confer about the notice and notify the court of any disputes. Notice must be issued to the potential class members by **January 15, 2010.**  A scheduling conference is set for **January 22, 2010 at 9:00 a.m.** in Courtroom 11-B.

SIGNED on December 21, 2009, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge